IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRANDON L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-2644-JAR-GEB |
| | ) |
| CHEROKEE COUNTY, KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

This matter is before the Court on Plaintiff's Motion for an order holding non-party Brian Kerns in contempt and compelling him to comply with Plaintiff's subpoena to testify at a deposition (**ECF No. 72**). Although the Court was contacted by email by Defendants' counsel, indicating Defendants do not oppose the motion, the Court is still obligated to **DENY** the motion without prejudice.

The subpoena issued to non-party Brian Kerns, who resides in Missouri, required the deposition to occur in Joplin, Missouri—a city located in the Western District of Missouri. Because compliance is required in another district, and not in the District of Kansas, this Court cannot provide the relief requested. Under Fed. R. Civ. P. 45(g), the "court for *the district where compliance is required*—and also, after a motion is transferred, the issuing court—may hold in contempt a person who . . . fails without adequate excuse to obey the subpoena or an order related to it."[1] Although a motion related to compliance with a Rule 45 subpoena may, in exceptional circumstances, be

---

[1] Fed. R. Civ. P. 45(g) (emphasis added).

transferred to the court from which the subpoena was issued, only the court where compliance is required—in this case, the Western District of Missouri—may determine whether such circumstances exist and order the transfer.[2] Because this Court is without power to compel compliance with the subpoena or transfer the motion to itself, the motion is denied without prejudice to refiling in the Western District of Missouri.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 20th day of June, 2019.

     s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[2] *See* Fed. R. Civ. P. 45(f), "transferring a subpoena-related motion." *See also In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, ECF No. 2835 (D. Kan. Jan. 27, 2017) (denying without prejudice to refiling in the proper court a motion to quash a subpoena where compliance with the subpoena was required to occur in the Northern District of California).