IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRANDON JOHNSON,** | |
| **Plaintiff,** | Case No. 2:17-cv-02644-JAR-GEB |
| v. | |
| **CHEROKEE COUNTY BOARD OF COUNTY COMMISSIONERS and DAVID M. GROVES,** | |
| **Defendants.** | |

**FIRST AMENDED ANSWER OF DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF CHEROKEE COUNTY AND DAVID M. GROVES**

Defendants Board of County Commissioners of Cherokee County and David M. Groves (collectively, "Defendants"), by and through undersigned counsel, provide this Answer to the Petition. Unless otherwise expressly admitted herein, all allegations of the Complaint are denied.

**Parties**

1. Defendants admit the allegations in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations in paragraph 3 of Plaintiff's Complaint, except to deny that any wrongful acts were committed by Defendants for which Defendants are liable.

**Jurisdiction**

4. The allegations in paragraph 4 of Plaintiff's Complaint are averments of law rather than statements of fact, and therefore no response is required; to the extent that a response is required, Defendants deny the allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations in paragraph 6 of Plaintiff's Complaint.

## Administrative Proceedings

7. Defendants admit the allegations in paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations in paragraph 9 of Plaintiff's Complaint.

10. Defendants admit the allegations in paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations in paragraph 11 of Plaintiff's Complaint.

## Facts Common to All Counts

12. Defendants admit that Plaintiff began working at Cherokee County on or about March 28, 2013, but deny the remaining allegations in paragraph 12 of Plaintiff's Complaint.

13. Defendants admit that during the majority of his tenure at the Sheriff's Office, Plaintiff worked full time as a patrol deputy, making approximately $14.00 per hour at the time of his discharge.  Defendants admit that Plaintiff also had benefits including health insurance, life insurance and a retirement.  Defendants deny the remaining allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendants are without sufficient knowledge and information to either admit or deny the allegations in paragraph 15 of Plaintiff's Complaint, and the same are therefore denied.

16. Defendants admit the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendants admit the allegations in paragraph 17 of Plaintiff's Complaint, except to deny that any wrongful acts were committed by Defendants for which Defendants are liable.

18. Defendants admit the allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendants admit the allegations in paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendants are without sufficient knowledge and information to either admit or deny the allegations in paragraph 23 of Plaintiff's Complaint, and the same are therefore denied.

24. Defendants are without sufficient knowledge and information to either admit or deny the allegations in paragraph 24 of Plaintiff's Complaint, and the same are therefore denied.

25. Defendants deny the allegations in paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations in paragraph 28 of Plaintiff's Complaint.

### Count I: Against Defendant Count
**(Violation of Title VII for Racial Discrimination and Hostile Work Environment)**

29. Answering paragraph 29 of Plaintiff's Complaint, Defendants' responses above to paragraphs 1-28 of Plaintiff's Complaint are incorporated by reference herein.

30. Defendants admit the allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendants admit the allegations in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations in paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations in paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations in paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations in paragraph 49 of Plaintiff's Complaint, and further deny that Plaintiff is entitled to the relief sought in the paragraph appearing immediately below paragraph 49 of Plaintiff's Complaint.

## **Count II: Against Defendant Count**
**(Violation of Title VII for Retaliation)**

50. Answering paragraph 50 of Plaintiff's Complaint, Defendants' responses above to paragraphs 1-49 of Plaintiff's Complaint are incorporated by reference herein.

51. Defendants deny the allegations in paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations in paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations in paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations in paragraph 54 of Plaintiff's Complaint, and further deny that Plaintiff is entitled to the relief sought in the paragraph appearing immediately below paragraph 54 of Plaintiff's Complaint.

## Count III: Against Both Defendants
### (Violation of Section 1981, as amended by the Civil Rights Act of 1991)

55. Answering paragraph 55 of Plaintiff's Complaint, Defendants' responses above to paragraphs 1-54 of Plaintiff's Complaint are incorporated by reference herein.

56. The allegations in paragraph 56 of Plaintiff's Complaint are averments of law rather than statements of fact, and therefore no response is required; to the extent that a response is required, Defendants deny the allegations in paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations in paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations in paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations in paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations in paragraph 60 of Plaintiff's Complaint, and further deny that Plaintiff is entitled to the relief sought in the paragraph appearing immediately below paragraph 60 of Plaintiff's Complaint.

## Count IV: Against Both Defendants
### (Violation of Section 1983 – Procedural Due Process)

61. Answering paragraph 61 of Plaintiff's Complaint, Defendants' responses above to paragraphs 1-60 of Plaintiff's Complaint are incorporated by reference herein.

62. The allegations in paragraph 62 of Plaintiff's Complaint are averments of law rather than statements of fact, and therefore no response is required; to the extent that a response is required, Defendants deny the allegations in paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations in paragraph 63 of Plaintiff's Complaint.

64. Defendants deny the allegations in paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations in paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations in paragraph 66 of Plaintiff's Complaint, and further deny that Plaintiff is entitled to the relief sought in the paragraph appearing immediately below paragraph 66 of Plaintiff's Complaint.

### Count V: Against Both Defendants
### (Violation of Section 1983 – Substantive Due Process)

67. Answering paragraph 67 of Plaintiff's Complaint, Defendants' responses above to paragraphs 1-66 of Plaintiff's Complaint are incorporated by reference herein.

68. The allegations in paragraph 68 of Plaintiff's Complaint are averments of law rather than statements of fact, and therefore no response is required; to the extent that a response is required, Defendants deny the allegations in paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations in paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations in paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations in paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations in paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations in paragraph 73 of Plaintiff's Complaint, and further deny that Plaintiff is entitled to the relief sought in the paragraph appearing immediately below paragraph 73 of Plaintiff's Complaint.

### Affirmative Defenses

1. Plaintiff fails to state a claim against Defendants or either of them upon which relief can be granted.

2. Plaintiff fails to exhaust his administrative remedies as to some or all claims.

3. Plaintiff's claims fail for lack of subject matter jurisdiction and for lack of personal jurisdiction over the Defendants.

4. Plaintiff's damages, if any, are not of the nature or to the extent alleged.

5. Plaintiff fails to mitigate his damages, if any.

6. Plaintiff's injuries, if any, were not caused by Defendants or either of them.

7. Plaintiff's claims are barred in whole or in part by the statute of limitations.

8. Plaintiff's claims are barred in whole or in part by the doctrines of consent, laches, waiver and estoppel.

9. The conduct of Defendants toward and treatment of Plaintiff at all times material hereto was legitimate, non-discriminatory, non-retaliatory, and undertaken in good faith.

10. Plaintiff's claims are barred or reduced by the after-acquired evidence doctrine.

11. Defendants and each of them assert any and all defenses that may be maintained after discovery.

Wherefore, Defendants Board of County Commissioners of Cherokee County and David M. Groves pray that the Court enter judgment in their favor and against Plaintiff, for their costs incurred in the action, and for such other relief to which Defendants Board of County Commissioners of Cherokee County and David M. Groves shows themselves entitled and which the Court deems reasonable, appropriate, and just.

Respectfully submitted,

**Case Linden P.C.**


s/ Kevin D. Case
Kevin D. Case, MO 41491; KS 14570
Jennifer G. Ahlbrandt, MO 67434; KS 26980
2600 Grand Boulevard, Suite 300
Kansas City, MO  64108
Tel:  (816) 979-1500
Fax:  (816) 979-1501
kevin.case@caselinden.com
jennifer.ahlbrandt@caselinden.com
Attorneys for Defendants

### Certificate of Original Signature and Service

I hereby certify that on November 8, 2019, a true and correct copy of the above and foregoing was served by electronic filing with the Clerk of the Court in the CM/ECF system, which will automatically send email notification of such filing to the following counsel of record:

Christopher J. Lucas
Norris Keplinger Hicks & Welder, L.L.C.
32 Corporate Woods, Suite 750
9225 Indian Creek Parkway
Overland Park, KS  66210
Attorney for Plaintiff


s/ Kevin D. Case
Kevin D. Case