## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRANDON JOHNSON,

     Plaintiff,

     v.                                                                    Case No. 2:17-CV-2644-JAR

CHEROKEE COUNTY BOARD OF
COMMISSIONERS AND DAVID M.
GROVES,

     Defendants.

## ORDER

Defendants' Motion for Summary Judgment is currently before the Court. Defendants seek summary judgment on all of Plaintiff's claims. At issue in this Order is Plaintiff's third claim and the need for additional briefing.

For Plaintiff's third claim, he states that Defendants discriminated against and harassed him on the basis of his race in violation of 42 U.S.C. § 1981. Section 1981 "does not provide a vehicle for remedying racial discrimination and retaliation in cases brought against state actors. Rather, § 1983 'provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor.'"[1]

Defendants asserted, for the first time in their reply, that summary judgment is proper on Plaintiff's § 1981 claim because Plaintiff failed to allege a violation by and through § 1983. Although the Court generally does not consider arguments raised for the first time in a reply brief, the record and argument before the Court demonstrate that Defendants' contention has

---

[1] *Hannah v. Cowlishaw*, 628 F. App'x 629, 632 (10th Cir. 2016) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491, U.S. 701, 705 (1989)) (citation omitted); *see also Brown v. Keystone Learning Servs.*, 2020 WL 633213, at *8 (10th Cir. Feb. 11, 2020).

merit. Plaintiff's third claim is categorized as a race discrimination claim, brought pursuant to § 1981, in both his Complaint and the Pretrial Order. Defendants did not advance their argument in their motion for summary judgment that this claim must be brought by and through § 1983, so Plaintiff is entitled to "notice and a reasonable time to respond" before the Court may grant summary judgment on this basis and with respect to Plaintiff's third claim.[2]

Plaintiff may file a sur-reply addressing this issue. Plaintiff's sur-reply should be no longer than five pages. It must be filed within 14 days of this Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's five-page or less sur-reply addressing the issue set forth in this Order may be filed within 14 days.

**IT IS SO ORDERED.**

Dated: February 18, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See* Fed. R. Civ. P. 56(f).